UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NUZMEYA ELDER,<br>　　　　　　　　Plaintiff,<br>v.<br><br>EQUIFAX INFORMATION<br>SERVICES, LLC; EXPERIAN<br>INFORMATION SOLUTIONS,<br>INC.; and TRANS UNION, LLC,<br>　　　　　　　　Defendants.<br>_____/ | Case No.: 21-11753<br><br>Victoria A. Roberts<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL (ECF No. 42)

This is a Fair Credit Reporting Act ("FCRA") case. Plaintiff Nuzmeya Elder moved to compel non-party credit furnisher American Express National Bank ("AMEX") to comply with two Rule 45 subpoenas, one for documents and one for a corporate deposition. (ECF No. 42). This matter was referred to the undersigned for all pretrial proceedings excluding dispositive motions. (ECF No. 41). Plaintiff's motion to compel is fully briefed and ready for determination.

Plaintiff and AMEX agreed to dismiss AMEX from this lawsuit and move their dispute to binding arbitration. (ECF No. 32). Three credit reporting agencies remain as defendants here. The alleged facts giving rise to the claims begin with a charge on Plaintiff's American Express card for $5,418.00 from a Home Depot store she had not visited in a Michigan city she had never been in. She alleges she

disputed this claim with American Express, but ultimately the charge was left on her account because American Express concluded that Plaintiff authorized the charge. The defendant credit reporting agencies ("CRAs") reported the delinquent charge, even after Plaintiff lodged disputes with the CRAs. (ECF No. 42, PageID.419-20). She contends the CRAs did not reasonably investigate the disputes.

AMEX first argues that the motion to compel should be summarily denied because Plaintiff did not seek concurrence under Local Rule 7.1 before filing it. Plaintiff says the motion was months in the making, pointing to delays in AMEX accepting the subpoenas and agreeing on a date to discuss the dispute. The parties did not speak about the motion until shortly after it was filed. The Court will not deny the motion for failure to follow the exact dictates of the rule. It is not as if Plaintiff filed a motion with no discussion or forewarning of the issues. That said, Plaintiff must, in future, seek concurrence *before* filing a motion, or otherwise state why she could not have a conference before filing the motion. If she fails to do so, her motion may be stricken.

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Under Rule 45, parties may command a nonparty to, among other things, produce documents or attend a deposition. Fed. R. Civ. P. 45(a)(1). "The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Callidus Cap. Corp. v. FCA Grp.*, 2018 WL 1556231, at *3 (E.D. Mich. Mar. 30, 2018) (citation omitted). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

Plaintiff's documents subpoena includes 31 requests for documents. For example, there are requests for all documents related to Plaintiff's credit card and the disputed charge, and requests for AMEX's net pretax profits and net worth for the last five years. (ECF No. 42-1, PageID.443-46). The deposition topics

include, for example, Plaintiff's fact allegations, AMEX's efforts to alter reporting of information maintained by a CRA, and the contents of AMEX's procedures, policies, and manuals. (*Id.* at PageID.450-53). Plaintiff asserts the evidence she requested from AMEX is necessary to prove that the CRAs violated their duty to conduct reasonable investigations into her disputes. AMEX objected to the subpoenas and refused to provide a witness for the deposition. (ECF No. 42-2, PageID.461-91). Plaintiff asserts the objections are boilerplate and should not be considered. The main theme of the objections and arguments presented here is whether the requests are relevant to the claims against the CRAs. AMEX argues that the subpoenas are an attempt at an end-run around arbitration rules related to discovery to obtain evidence relevant to the arbitration, not to the claims against the CRAs.

Plaintiff does not dispute that she cannot obtain discovery from AMEX through the Federal Rules of Civil Procedure to prove her claims against it in the arbitration. *See Suarez -Valdez v. Shearson Lehman/AM. Exp., Inc.*, 858 F.2d 648, 649 (11th Cir. 1988) (Party dismissed to engage in arbitration cannot be served discovery requests in federal litigation relevant to claims against it). Discovery in the arbitration is governed by arbitration rules and the arbitrator. AMEX argues that since it is in arbitration with Plaintiff, Plaintiff cannot obtain any discovery from it. But AMEX's argument implies that it is immune from responding to Rule

4

45 subpoenas for information relevant to a separate entity in federal litigation while it is itself in arbitration with another party. There is no authority to support this position. If AMEX is in possession of documents relevant to the claims against the CRAs, the fact that is now arbitrating a dispute with the same Plaintiff does not make it immune to those Rule 45 requests.

So the first question is whether the discovery here is relevant to the claims against the CRAs. Plaintiff sues the CRAs for allegedly violating 15 U.S.C. §§ 1681e(b) and 1681i of the Fair Credit Reporting Act. To prove her claim under § 1681e(b), Plaintiff must prove that (1) the CRA reported inaccurate information about her; (2) it either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information; (3) she was injured; and (4) the CRA's conduct was the proximate cause of the injury. *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020). Section 1681i requires a CRA to "conduct a reasonable investigation to determine whether the disputed information is inaccurate" after a consumer notifies the CRA of a dispute.

Plaintiff argues that to prove her case against the CRAs, she needs "all the information AMEX had including all the information it provided to the CRAs in response" to her notices of dispute. (ECF No. 42, PageID.427-28). She says she needs to show the jury that the CRAs did not act reasonably in gathering

information or whether the CRAs gathered information from AMEX but failed to use it. (*Id.* at PageID.428).

AMEX's role in the facts as Plaintiff's credit furnisher necessarily links AMEX to the CRAs as they reported Plaintiff's credit history and would have communicated with AMEX about the dispute. But this connection alone does not establish that every document in AMEX's possession is relevant to the claims. Plaintiff's burden is to prove the CRAs reported inaccurate information and failed to reasonably investigate her disputes. Thus, requests for documents in AMEX's possession for, for instance, documents and records of any communications between AMEX and Plaintiff regarding her account and disputed charge, including audio recordings, or any document bearing her name or personal identifiers, or documents reflecting AMEX's net profit are not going to produce information relevant to her claims here. (*See* ECF No. 42-1, PageID.444). What is relevant includes, for instance, documents reflecting what information the CRAs reported, what steps the CRAs took after given notice of Plaintiff's disputes, and what information the CRAs obtained from AMEX.

Even if AMEX were in possession of documents and information relevant to the claims against the CRAs, as in the three examples of relevant information above, that by itself does not require AMEX to produce that information. The second question is whether AMEX must comply with the subpoenas to produce

what relevant documents it has. The Federal Rules of Civil Procedure require the Court, on its own or on motion, to limit the scope of discovery if it determines that the discovery is unreasonably cumulative or duplicative or that it can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). "Under this principle, courts in this circuit have repeatedly denied motions to compel discovery and quashed subpoenas directed to non-parties where the discovery sought was obtainable from a party to the litigation." *Baumer v. Schmidt*, 423 F. Supp. 3d 393, 408-09 (E.D. Mich. 2019) (collecting cases). Plaintiff made no showing that she first sought to obtain documents from the CRAs to no avail and thus needs to get them from AMEX. *See Hale v. Bunce*, 2017 WL 10978857, at *1-2 (N.D. Ohio Dec. 15, 2017) (explaining requirement that parties first establish that they cannot obtain information from opposing party before using a Rule 45 subpoena to obtain that discovery from a non-party) (collecting cases); *Atlas Indus. Contractors LLC v. In2Gro Techs. LLC*, 2020 WL 1815718, at *3 (S.D. Ohio Apr. 10, 2020) ("As part of the undue burden analysis, courts within this Circuit have generally not required production by a non-party when the same documents are available from a party."). The information relevant to the claims against the CRAs would seem equally in the possession of the CRAs and AMEX, such as information AMEX sent to the CRAs, and some documents may be exclusively in the CRAs' possession. On the facts

presented, the Court determines that Plaintiff must begin her discovery efforts with requests to the defendants.[1]

Plaintiff contends that she may "trust but verify the CRAs discovery responses by cross referencing against what third party Amex has in its files." (ECF No. 48, PageID.565). For the reasons stated above, she may not unless she has facts suggesting the CRAs' production is incomplete or persuasively explains why she needs to cross-reference the discovery. *See Atlas Indus.*, 2020 WL 1815718, at *3.

The motion to compel is **DENIED WITHOUT PREJUDICE**. The Court will not compel AMEX to comply with the document subpoenas unless there is some showing that Plaintiff cannot obtain relevant discovery from the defendants. And some of the document requests seek information irrelevant to the claims here. Similarly, the Court is not convinced that taking AMEX's deposition through a corporate representative will yield information relevant to the FCRA claims here that cannot be obtained from the CRAs, through documents or depositions of their corporate representatives.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

---

[1] The Court will issue a scheduling order setting discovery deadlines in due course.

Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: July 26, 2022

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge